IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

RAMON E. MEJIAS NEGRON,

  Petitioner,

vs.

UNITED STATES PROBATION OFFICER
and JOSE M. VAZQUEZ, Warden,

  Respondents.

CIVIL ACTION NO. CV205-042

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Ramon Mejias Negron ("Negron"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. A. § 2241. The Government has filed a Motion to Dismiss, and Negron has responded. For the reasons which follow, the Government's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Following a jury trial, Negron was convicted in the District Court of Puerto Rico for possession with intent to distribute cocaine, in violation of 21 U.S.C.A. § 841(a)(1), in Case Number 3:89-CR-252. He was sentenced to 360 months' imprisonment and ten years' supervised release on December 12, 1991. It does not appear that Negron filed a direct appeal from his conviction and sentence. Negron has filed at least four (4) motions to

AO 72A
(Rev. 8/82)

vacate his sentence pursuant to 28 U.S.C.A. § 2255 in the District Court of Puerto Rico. (Gov't's Ex. B.) Negron also filed at least (2) previous petitions for writ of habeas corpus pursuant to § 2241 in this Court. (CV298-179; CV203-155.) In his petition in Case Number CV203-155, Negron contended that he was not allowed to review his Pre-Sentence Report prior to his sentencing, nor did he understand what occurred at his sentencing hearing. Negron also contended that he was not afforded the right to appeal his sentence due to ineffective assistance of counsel and because he was mentally incompetent. Negron further contended that he has attempted to bring these allegations to the attention of this Court, the District Court of Puerto Rico, and the First Circuit Court of Appeals, but these courts informed him that he was procedurally barred from bringing his claims.

In the instant petition, Negron asserts that he was sentenced without having read and discussed the Pre-Sentence Investigation Report with his court-appointed attorney. Negron also asserts that he was found to be mentally incompetent before sentencing. Negron alleges that his sentence was executed in an illegal manner and that he had ineffective assistance of counsel. Negron avers that the probation officer assessed enhancements to him, which violated the ex post facto clause. Negron requests that this Court reduce his sentence from 360 months' imprisonment to 159 months' imprisonment.

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, a petition collaterally attacking a conviction is filed under 28 U.S.C.A. § 2255 in the district of conviction. 28 U.S.C.A. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may

2

be entertained where the petitioner establishes that the remedy provided under 28 U.S.C.A. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C.A. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C.A. § 2255, ¶ 5 (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Accardi v. Blackwell, 412 F.2d 911, 914 (5th Cir. 1969).[1]

Courts that have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and petitioner is barred from filing successive petition); Cohen v. United States, 593 F.2d 766, 771 n. 12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where petitioner was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 petition or unreasonably delayed consideration of petition); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

3

sentencing court was abolished). None of the circumstances of these cases exist in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Negron has not shown that his claims are based upon a retroactively applicable Supreme Court decision, nor has he shown that he was convicted of a nonexistent offense based on a Supreme Court decision. Additionally, Negron has not established that circuit law foreclosed his claims on earlier occasions. Negron cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Negron is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

4

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the Government's Motion to Dismiss (Doc. No. 5) be **GRANTED** and Negron's petition for writ of habeas corpus, filed pursuant to 28 U.S.C.A. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 25th day of July, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)